UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YUDIF GLIK, ADMINISTRATOR,

Plaintiff,

v.

INOTEK CORPORATION,

Defendant.

Civil Action No.

## NOTICE OF REMOVAL

Defendant Inotek Pharmaceuticals Corporation ("Inotek") (which is inaccurately named in the Complaint) files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Essex Division (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, Inotek states:

1. Inotek is the sole defendant in a civil action in the Superior Court entitled *Yudif Glik, Administrator v. Inotek Corporation*, Civil Action No. 2004-02199-B (the "Pending Action"). Inotek first received the complaint in the Pending Action (the "Complaint") on February 2, 2005. Therefore, this Notice of Removal is timely.

2. A true and correct copy of the Complaint, summons, and Tracking Order are attached hereto as Exhibit A.

LIBB/1323221.1

3. This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because the Complaint relates to an employee benefit plan that is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The Complaint alleges that Inotek breached its purported obligation to provide long-term disability benefits under Inotek's group long-term disability benefits plan (the "LTD Plan") to Michael Glik, a former employee of Inotek.

5. The LTD Plan constitutes an "employee welfare benefit plan" within the meaning of ERISA, which is defined to include any employer plan, fund or program "to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability." 29 U.S.C. § 1002(1).

6. The Complaint is preempted by ERISA. Under ERISA, claims that "relate to" an employee benefit plan are preempted. 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). A claim relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). The Complaint relates to the LTD Plan because it alleges, under three separate legal theories, that Inotek had an obligation to provide Mr. Glik with benefits under the LTD Plan and failed to honor that obligation.

7. The Complaint purports to set forth a claim for benefits under the LTD Plan and, therefore, comes within ERISA's civil enforcement provisions. ERISA's civil enforcement provisions include authorization for claims by a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

8. The Complaint is subject to removal. A state law claim that is preempted by ERISA and that falls within the scope of ERISA's civil enforcement provision is removable to federal court regardless of whether ERISA is expressly raised in the text of the claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). As set forth above, both criteria for removal are satisfied here. Because the Complaint raises the type of claim that is specifically authorized by ERISA, the Complaint plainly is removable.

9. This Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

10. The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Essex County, Massachusetts, which lies within this District.

Respectfully submitted,

INOTEK PHARMACEUTICALS CORPORATION

By its attorneys,

Wilfred J. Benoit, Jr. (BBO #126320)
Christopher B. Kaczmarek (BBO #647085)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel: (617) 570-1000

Dated: February 24, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2005, a true and correct copy of the *Notice of Removal* was served by hand upon the following:

>Robert O. Berger, Esq.
>11 Beacon Street
>Suite 1210
>Boston, Massachusetts 02108

_____
Christopher B. Kaczmarek

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
SUPERIOR COURT
CIVIL ACTION No. 2004-02199-B

| | |
|---|---|
| YUDIF GLIK, ADMINISTRATOR OF ESTATE OF MICHAEL GLICK,<br>Plaintiff<br><br>v.<br><br>INOTEK CORPORATION,<br>Defendant | 05-10360 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Parties**

1. The plaintiff, Yudif Glik, 76 Gardner Street, Lynn, MA is the administrator of the Estate of Michael Glik.

2. The defendant, Inotek Corporation, is a duly incorporated Massachusetts corporation with its principal place of business in 100 Cummings Center, Beverly, Massachusetts.

**Count One-Breach of Handbook Rights**

3. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 3 as though fully set forth here.

4. The plaintiff was not an at will employee. He could only be terminated for cause. Handbook Policy No. E9, 2.2.

5. Mr. Glik was entitled to long-term disability benefits under the employer's handbook under the group plan and it is the responsibility of the defendant to administer enrollment. Id. B.5, 2.0.

6. The defendant failed to provide such coverage and wrongfully terminated him without cause.

7. The plaintiff's estate is entitled to consequential damages, emotional distress damages, interest and costs.

**Count Two-Breach of the Implied Covenant of Fair Dealing.**

8. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8 as though fully set forth herein.

9. The plaintiff had an employment contract with the defendant, Inotec Corporation.

10. The plaintiff performed his employment obligations until he was terminated in December 2000, and defendant made it impossible for him to receive LTD benefits while he was dying of cancer.

11. Inotec breached the implied covenant of good faith which inures to the benefit of the employee and the employer in all employment contracts when Inotec terminated the plaintiff and then made it impossible for him to receive his LTD benefits.

12. As a proximate result of such breach, the plaintiff seeks consequential damages.

**Count Three-Breach of Contract**

13. The plaintiff realleges paragraphs 1-13 of the complaint.

14. Michael Glik was employed by the Defendant.

15. In January 2002, defendant's Long-Term insurance carrier stopped the process of establishing Mr. Glik's Long Term Disability benefits because the carrier was not notified of his employment status and not forwarded his medical forms even though he had filled out the application form for benefits and filed it with defendant long before that time.

16. The provision of such benefits was a term or condition of his employment.

2

17. As a result of the breach of contract, Mr. Glik's estate is entitled to consequential damages, emotional distress damages, and interest, costs and attorney fees.

WHEREFORE, the plaintiff demands entry of judgment for his damages against defendant, interest, costs and attorney fees.

THE PLAINTIFF DEMANDS A JURY TRIAL OF THE CASE.

Robert O. Berger (BBO No. 038900)
Attorney for Plaintiff
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423 – 7575

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - (CONTRACT) EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02199-B

Yudif Glik, Administrator ................................................................, Plaintiff(s)

v.

Inotek Corporation ................................................................, Defendant(s)

## SUMMONS

To the above named Defendant: Inotek Corporation, 100 Cummings Center, Beverly, MA

You are hereby summoned and required to serve upon Robert O. Berger, Esq., plaintiff's attorney, whose address is 11 Beacon Street, Suite 1210, Boston, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of              , in the year of our Lord two thousand

RECEIVED
FEB - 2 2005
By_____

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2004-02199-B

RE: Glik Administrator of State of Michael Glik v Inotek Corporation

TO: Robert O Berger III, Esquire
11 Beacon Street
Suite 1210
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 05/06/2005 |
| All discovery requests and depositions completed | 10/03/2005 |
| All motions under MRCP 56 served and heard | 11/02/2005 |
| Final pre-trial conference held and firm trial date set | 12/02/2005 |
| Case disposed | 01/31/2006 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in CtRm 1 (Newburyport) at Essex Superior Court.

Dated: 12/28/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: JoDee Doyle - Sheila Gaudette
Assistant Clerk

Location: CtRm 1 (Newburyport)
Telephone: (978) 462-4474

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtrad_2.wpd 513807 inidoc01 vernaveo

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
YUDIF GLIK, ADMINISTRATOR

**DEFENDANTS**
INOTEK CORPORATION

(b) County of Residence of First Listed Plaintiff   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert O. Berger  11 Beacon Street, Suite 1210 Boston, MA 02108
Tel: (617) 423-7575

Attorneys (If Known)   Wilfred J. Benoit, Jr.
Christopher B. Kaczmarek
Goodwin Procter LLP Exchange Place Boston, MA 02109
Tel: (617) 570-1000

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC § 1001 et seq.
Brief description of cause: The complaint alleges that Inotek breached an alleged obligation to provide long-term disability benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   None.
JUDGE
DOCKET NUMBER

DATE   02/28/2005
SIGNATURE OF ATTORNEY OF RECORD   Chris B. [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Yudif Glik, Administrator v. Inotek Corporation

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(2)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court
    None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC § 2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? – (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒      Central Division ☐      Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME     Christopher B. Kaczmarek
ADDRESS     Goodwin Procter LLP, Exchange Place, Boston, MA  02109
TELEPHONE NO.     (617) 570-1000

(Cover sheet local.wpd - 10/17/02)
LIBA/1470047.1