UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 MAR -2  P 3: 57

DISTRICT OF MASS.

| | |
|---|---|
| YUDIF GLIK, ADMINISTRATOR,<br><br>Plaintiff,<br><br>v.<br><br>INOTEK CORPORATION,<br><br>Defendant. | Civil Action No. 05-10360-GAO |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT INOTEK PHARMACEUTICALS CORPORATION

For its answers and affirmative defenses to the Complaint and Demand for Jury Trial (the "Complaint") of Yudif Glik, Administrator (the "Plaintiff"), defendant Inotek Pharmaceuticals Corporation ("Inotek"), which is misnamed in the Complaint, states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Inotek may have to seek relief by appropriate motions directed to the allegations of the Complaint. Inotek answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

### "PARTIES"

1.  Inotek admits that Plaintiff purports to be the administrator of the Estate of Michael Glik. Inotek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 1 of the Complaint.

2. Inotek denies that its name is "Inotek Corporation." Inotek denies that it is incorporated in Massachusetts. Inotek admits that its principal place of business is 100 Cummings Center, Beverly, Massachusetts. Further answering, Inotek states that in or about 2002 "Inotek Corporation" changed its name to "Inotek Pharmaceuticals Corporation."

## "COUNT ONE – BRANCH OF HANDBOOK RIGHTS"

3. Inotek incorporates its responses to paragraphs 1-2 of the Complaint.

4. Inotek denies the allegations contained in paragraph 4 of the Complaint.

5. Inotek admits that it was involved in the administration of the application/enrollment process for disability insurance policies on the following basis: (1) Inotek offered employees the opportunity to apply for individually underwritten disability insurance policies at a group corporate discount; (2) Inotek provided interested employees with application forms regarding such disability insurance policies; (3) employees who wished to apply for such a policy provided Inotek with completed application forms which Inotek then forwarded to an insurance broker; (4) to receive a disability insurance policy, the employee's application had to be approved by the insurance company on an individual basis; and (5) if the insurance company approved an employee's application for a disability insurance policy, Inotek paid the premiums on such policy. Inotek denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Inotek admits that Michael Glik did not receive a disability insurance policy. Inotek denies the remaining allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint set forth claims for relief to which no response is required. To the extent that Paragraph 7 sets forth allegations to

which a response is required, Inotek denies the allegations contained in paragraph 7 of the Complaint.

## "COUNT TWO – BREACH OF THE IMPLIED COVENANT OF FAIR DEALING"

8.  Inotek incorporates its responses to paragraphs 1-7 of the Complaint.

9.  Inotek denies the allegations contained in paragraph 9 of the Complaint. Further answering, Inotek states that Michael Glik was an at-will employee.

10. Inotek denies the allegations contained in paragraph 10 of the Complaint.

11. Inotek denies the allegations contained in paragraph 11 of the Complaint.

12. Inotek admits that Plaintiff purports to seek consequential damages. Inotek denies the remaining allegations contained in paragraph 12 of the Complaint. Further answering, Inotek denies that Plaintiff is entitled to an award of damages or any other form of relief.

## "COUNT THREE – BREACH OF CONTRACT"

13. Inotek incorporates its responses to paragraphs 1-12 of the Complaint.

14. Inotek admits the allegation contained in paragraph 14 of the Complaint.

15. Inotek admits that the insurance carrier did not issue a disability insurance policy to Mr. Glik. Inotek admits that Mr. Glik provided Inotek with an insurance application in or about October 2000. Further answering, Inotek states that Mr. Glik's application was incomplete and omitted material information. Inotek denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Inotek denies the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint set forth legal conclusions and claims for relief to which no response is required. To the extent that Paragraph

17 set forth allegations to which a response is required, Inotek denies the allegations contained in paragraph 17 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Inotek must be barred.

## FOURTH DEFENSE

Inotek is not a proper party Defendant.

## FIFTH DEFENSE

Plaintiff's breach of contract claim fails due to a failure of consideration.

## SIXTH DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

## SEVENTH DEFENSE

Plaintiff's claims are barred because of Michael Glik's negligent or willful failure to properly complete an application for a disability insurance policy.

## EIGHTH DEFENSE

Inotek hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the

right to amend this answer and assert such defenses.

        Respectfully submitted,

        INOTEK PHARMACEUTICALS CORPORATION

        By its attorneys,

        _____
        Wilfred J. Benoit, Jr. (BBO #126320)
        Christopher B. Kaczmarek (BBO #647085)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA  02109
        Tel:  (617) 570-1000

Dated:   March 2, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2005, a true and correct copy of the *Answer and Affirmative Defenses of Defendant Inotek Pharmaceuticals Corporation* was served by mail upon the following:

>Robert O. Berger, Esq.
>11 Beacon Street
>Suite 1210
>Boston, Massachusetts 02108

_____
Christopher B. Kaczmarek