UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLIK ADMINISTRATOR OF STATE OF
MICHAEL GLIK,

       Plaintiff,

           v.

INOTEK CORPORATION,

       Defendant.

Civil Action No. 05-10360-GAO

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PROCEEDINGS

       Pursuant to Local Rule 81.1, defendant Inotek Corporation, by its undersigned attorneys,

hereby files certified copies as set forth on Appendix A hereto of all records and proceedings and

all docket entries in Commonwealth of Massachusetts Superior Court, Essex County, Civil

Action No. 04-02199-B, which was removed to this Court on February 28, 2005.

       Respectfully submitted,

       INOTEK CORPORATION

       By its attorney,

       /s/ Christopher B. Kaczmarek
       Wilfred J. Benoit, Jr. (BBO #037900)
       Christopher B. Kaczmarek (BBO #647085)
       GOODWIN PROCTER, LLP
       Exchange Place
       Boston, MA  02109
       (617) 570-1000

Dated:  March 10, 2005

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLIK ADMINISTRATOR OF STATE OF
MICHAEL GLIK,

      Plaintiff,

          v.                            Civil Action No. 05-10360-GAO

INOTEK CORPORATION,

      Defendant.

**NOTICE OF MANUAL FILING WITH CLERK'S OFFICE**

      Notice is hereby given that the documents, exhibits or attachments listed below have been manually filed with the Court and are available in paper form only:

1.     Certified copies of all records and proceedings and all docket entries in Commonwealth of Massachusetts Superior Court, Essex County, Civil Action No. 04-02199-B.

The original documents are maintained in the case file in the Clerk's Office.

                Respectfully submitted,

                INOTEK CORPORATION

                By its attorneys,

                /s/ Christopher B. Kaczmarek
                Wilfred J. Benoit, Jr. (BBO #037900)
                Christopher B. Kaczmarek (BBO #647085)
                GOODWIN PROCTER, LLP
                Exchange Place
                53 State Street
                Boston, MA  02109
                Phone: 617-570-1000
                Fax:  617-523-1231

Dated:  March 10, 2005

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

## Glik Administrator of State of Michael Glik v Inotek Corporation

Details for Docket: ESCV2004-02199

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2004-02199 | **Caption:** | Glik Administrator of State of Michael Glik v Inotek Corporation |
| **Filing Date:** | 12/07/2004 | **Case Status:** | Disposed: transferred to other court |
| **Status Date:** | 02/28/2005 | **Session:** | Civil-CtRm 1 (Newburyport) |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 10/03/2005 |
| **Service Date:** | 03/07/2005 | **Disposition:** | 01/31/2006 |
| **Rule 15:** | 05/06/2005 | **Rule 12/19/20:** | 05/06/2005 |
| **Final PTC:** | 12/02/2005 | **Rule 56:** | 11/02/2005 |
| **Answer Date:** | 05/06/2005 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2004-02199 | **Caption:** | Glik Administrator of State of Michael Glik v Inotek Corporation |
| **Filing Date:** | 12/07/2004 | **Case Status:** | Disposed: transferred to other court |
| **Status Date:** | 02/28/2005 | **Session:** | Civil-CtRm 1 (Newburyport) |
| **Lead Case:** | NA | **Case Type:** | Services, labor, materials |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 10/03/2005 |
| **Service Date:** | 03/07/2005 | **Disposition:** | 01/31/2006 |
| **Rule 15:** | 05/06/2005 | **Rule 12/19/20:** | 05/06/2005 |
| **Final PTC:** | 12/02/2005 | **Rule 56:** | 11/02/2005 |
| **Answer Date:** | 05/06/2005 | **Jury Trial:** | YES |

## Parties Involved

2 Parties Involved in Docket: ESCV2004-02199

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Inotek Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Glik Administrator of State of Michael Glik | **First Name:** | Yudif |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: ESCV2004-02199

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Berger III | **First Name:** | Robert O |
| **Address:** | 11 Beacon Street | **Address:** | Suite 1210 |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-423-7575 | **Tel Ext:** | |
| **Fascimile:** | 617-275-8000 | **Representing:** | Glik Administrator of State of Michael Glik, Yudif (Plaintiff) |

## Calendar Events

No Calendar Events found for Docket: ESCV2004-02199.

There are currently no calendar events associated with this case.

# Full Docket Entries

4 Docket Entries for Docket: ESCV2004-02199

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 12/07/2004 | 1 | Complaint & civil action cover sheet filed |
| 12/07/2004 | | Origin 1, Type A01, Track F. |
| 02/17/2005 | 2 | SERVICE RETURNED: Inotek Corporation(Defendant) in hand |
| 02/28/2005 | 3 | Case REMOVED this date to US District Court of Massachusetts |

A 2199

COMMONWEALTH OF MASSACHUSETTS

**B**

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION No.

```
                                    )
YUDIF GLIK, ADMINISTRATOR           )
OF ESTATE OF MICHAEL GLICK,         )
            Plaintiff               )
                                    )
v.                                  )
                                    )
INOTEK CORPORATION,                 )
            Defendant               )
                                    )
                                    )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Parties**

1. The plaintiff, Yudif Glik, 76 Gardner Street, Lynn, MA is the administrator of the Estate of Michael Glik.

2. The defendant, Inotek Corporation, is a duly incorporated Massachusetts corporation with its principal place of business in 100 Cummings Center, Beverly, Massachusetts.

**Count One-Breach of Handbook Rights**

3. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 3 as though fully set forth here.

4. The plaintiff was not an at will employee. He could only be terminated for cause. Handbook Policy No. E9, 2.2.

5. Mr. Glik was entitled to long-term disability benefits under the employer's handbook under the group plan and it is the responsibility of the defendant to administer enrollment. Id. B.5, 2.0.

A true Copy
Attest: _____
_Asst Clerk_

6. The defendant failed to provide such coverage and wrongfully terminated him without cause.

7. The plaintiff's estate is entitled to consequential damages, emotional distress damages, interest and costs.

### Count Two-Breach of the Implied Covenant of Fair Dealing.

8. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8 as though fully set forth herein.

9. The plaintiff had an employment contract with the defendant, Inotec Corporation.

10. The plaintiff performed his employment obligations until he was terminated in December 2000. and defendant made it impossible for him to receive LTD benefits while he was dying of cancer.

11. Inotec breached the implied covenant of good faith which inures to the benefit of the employee and the employer in all employment contracts when Inotec terminated the plaintiff and then made it impossible for him to receive his LTD benefits.

12. As a proximate result of such breach, the plaintiff seeks consequential damages.

### Count Three-Breach of Contract

13. The plaintiff realleges paragraphs 1-13 of the complaint.

14. Michael Glik was employed by the Defendant.

15. In January 2002, defendant's Long-Term insurance carrier stopped the process of establishing Mr. Glik's Long Term Disability benefits because the carrier was not notified of his employment status and not forwarded his medical forms even though he had filled out the application form for benefits and filed it with defendant long before that time.

16. The provision of such benefits was a term or condition of his employment.

A true copy
Attest: J Doyle
Asst Clerk

2

17.  As a result of the breach of contract, Mr. Glik' s estate is entitled to consequential damages,

emotional distress damages, and interest, costs and attorney fees.

WHEREFORE, the plaintiff demands entry of judgment for his damages against defendant,

interest, costs and attorney fees.

THE PLAINTIFF DEMANDS A JURY TRIAL OF THE CASE.

Robert O. Berger (BBO No. 038900)
Attorney for Plaintiff
11 Beacon Street, Suite 1210
Boston, MA  02108
(617) 423 – 7575

A true copy
Attest: JA Doyle
Asst Clerk

3

*+ Sick time*
*+ Medical &*
*Dental Insura*

Authorized:                  Policy:          Termination of Employment
                             Effective Date:  _____
_____          Policy Number:   ____E9____

*3 pages*
*+*

1.0    Purpose

To establish Inotek Corporation's policy on termination of employees.  This policy supplements and should be read in conjunction with the Company's policies concerning Employment At-Will, Conflict of Interest, Attendance, Disciplinary Action, Long- Term Disability, and Work Place Violence Prevention.

2.0    Policy
Termination of an individual's employment occurs by resignation, discharge, retirement, or death.  Each termination will be evaluated for equitable treatment and the privileges of the employee.

   2.1    *Voluntary Termination*
          Employees who resign are requested, but not obligated to give the Company the maximum possible advance notice.  The impacted manager may elect to set an earlier termination date.  A "Letter of Resignation" will be completed by the employee and submitted to the Human Resources Department.

   2.2    *Involuntary Termination or Discharge for Cause*
          2.2.1   The decision to release an employee will be initiated by the employee's supervisor or a higher level manager, with the approval of the Human Resources Department.  The Human Resources Department is to be advised as soon as termination becomes a possibility.  This will be done before the employee is told of impending action to ensure that:
          • all termination action is consistent throughout the Company
          • all necessary approvals are obtained
          • contractual provisions if any, related to the employee's employment are researched.

          2.2.2   An employee whose conduct is found to be in conflict with the Company rules, or is detrimental to the welfare of a fellow employee may be terminated for cause without advance notice.  Violations will be justification for immediate discharge on the first offense.  It is not possible to identify every type of possible misconduct, infraction or performance problem that can result in immediate discharge.  The following is , therefore, a partial list of reasons that an employee may be discharged "for cause/ gross misconduct":
          • Insubordination, including improper conduct toward a supervisor or refusal to perform tasks assigned by a supervisor in the appropriate manner.
          • Falsifying or making a material omission on an employment application or any other Company records
          • Disclosing trade secrets or other confidential information about the Company or its customers.

*A true copy*
*Attest: J Doyle*
*Asst Clerk*

Authorized:                Policy:              Long-Term Disability
                           Effective Date:      _____
                           Policy Number:       ___ B5 ___

_____

1.0    Purpose

       To establish a Long - Term Disability plan for all full-time employees of Inotek
       Corporation.

2.0    Policy

2.1    It is the responsibility of the Human Resources Department to administer the
       Long-Term Disability Plan and employee enrollment.

2.2    All full time employees are eligible for LTD Insurance on the first day of active
       employment.

2.3    Each full-time employee will receive a Group Disability Insurance booklet, which
       outlines the specifics of the LTD coverage.

2.4    LTD insurance premiums are fully paid by Inotek Corporation with no co-
       payment by the employee.

3.0    Procedure

       After an employee has been absent from work due to sickness or injury for a period of 60
       days, the Human Resources Department will contact the employee and the attending
       physician to receive a prognosis on the employee's condition.  If the prognosis is such
       that the employee is expected to be away from work for a period longer than 90 days,
       Human Resources will assist the employee in completing the insurance forms necessary
       to apply for benefits under the LTD policy.

4.0    Exceptions

       Exceptions to this policy require the prior written approval of the President of Inotek
       Corporation.

*[handwritten in left margin: items 1 - 3 were violated 2.15]*

*[handwritten at bottom: A true copy Attest! J. Doyle Asst Clerk]*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Essex | Docket Number<br>4 2199 |
|---|---|---|

| PLAINTIFF(S) Yudif Glik | DEFENDANT(S) otek Corp. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Robert O. Berger<br>11 BEacon Street, STE 1210, Boston<br>Board of Bar Overseers number: 038900 | ATTORNEY (if known) |
|---|---|

### Origin code and track designation

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct c. 231, s.104
    (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/
    Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contract | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................... $............
  2. Total Doctor expenses ................................................... $............
  3. Total chiropractic expenses ................................................... $............
  4. Total physical therapy expenses ................................................... $............
  5. Total other expenses (describe) ................................ Subtotal $............
B. Documented lost wages and compensation to date ............................. $............
C. Documented property damages to date ................................................... $............
D. Reasonably anticipated future medical and hospital expenses ................ $ 55,000.00 )
E. Reasonably anticipated lost wages ...........................................................
F. Other documented items of damages (describe)
                           Emotional Distress $ 100,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                 $............
                                    TOTAL. $ 155,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

    Breach of Employment Contract         TOTAL   $ 155,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record    _Row O._        DATE: 12/6/04

A.O.S.C. 2003

A true copy
Attest: J Dayle
Asst Clerk

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02199-B

Yudif Glik, Administrator

.................................................................................................................., Plaintiff(s)

v.

Inotek Corporation

.................................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:  Inotek Corporation, 100 Cummings Center, Beverly, MA

You are hereby summoned and required to serve upon ____Robert O. Berger, Esq._____ ,

plaintiff's attorney, whose address is __11 Beacon Street, Suite 1210, Boston____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

____at Salem_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of                                , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

A true copy
Attest: *[signature]*
Asst Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT

YUDIF GLIK, ADMINISTRATOR,

      Plaintiff,

v.

INOTEK CORPORATION,

      Defendant.

Civil Action No. 2004-02199-B

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(d), Defendant Inotek Pharmaceuticals Corporation ("Inotek") (which is inaccurately named in the Complaint) hereby gives notice to the Superior Court of Essex County, Massachusetts, and the attorney for plaintiff Yudif Glik, Administrator, that, on February 24, 2005, Inotek filed a Notice of Removal, thereby removing this action to the United States District Court for the District of Massachusetts. A certified copy of the Notice of Removal is attached to this Notice.

Respectfully submitted,

INOTEK PHARMACEUTICALS CORPORATION

By its attorneys,

Wilfred J. Benoit, Jr. (BBO #037900)
Christopher B. Kaczmarek (BBO #647085)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel: (617) 570-1000

A true copy
Attest: _____
Asst Clerk

Dated:  February 24, 2005

CERTIFICATE _____
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/by hand on 2/24/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE

2005 FEB 24  A 10: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

YUDIF GLIK, ADMINISTRATOR,

        Plaintiff,

v.

INOTEK CORPORATION,

        Defendant.

Civil Action No.

---

## NOTICE OF REMOVAL

Defendant Inotek Pharmaceuticals Corporation ("Inotek") (which is inaccurately named in the Complaint) files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Essex Division (the "Superior Court") to the United States District Court for the District of Massachusetts.  As its reasons for removal, Inotek states:

1.      Inotek is the sole defendant in a civil action in the Superior Court entitled *Yudif Glik, Administrator v. Inotek Corporation*, Civil Action No. 2004-02199-B (the "Pending Action").  Inotek first received the complaint in the Pending Action (the "Complaint") on February 2, 2005.  Therefore, this Notice of Removal is timely.

2.      A true and correct copy of the Complaint, summons, and Tracking Order are attached hereto as Exhibit A.

A true copy,
Attest: ~~Doyle~~ Asst Clerk

LIBB/1323221.1

3.    This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because the Complaint relates to an employee benefit plan that is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4.    The Complaint alleges that Inotek breached its purported obligation to provide long-term disability benefits under Inotek's group long-term disability benefits plan (the "LTD Plan") to Michael Glik, a former employee of Inotek.

5.    The LTD Plan constitutes an "employee welfare benefit plan" within the meaning of ERISA, which is defined to include any employer plan, fund or program "to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability." 29 U.S.C. § 1002(1).

6.    The Complaint is preempted by ERISA. Under ERISA, claims that "relate to" an employee benefit plan are preempted. 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). A claim relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). The Complaint relates to the LTD Plan because it alleges, under three separate legal theories, that Inotek had an obligation to provide Mr. Glik with benefits under the LTD Plan and failed to honor that obligation.

7.    The Complaint purports to set forth a claim for benefits under the LTD Plan and, therefore, comes within ERISA's civil enforcement provisions. ERISA's civil enforcement provisions include authorization for claims by a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

A true copy
attest. J. Dayle
LIBB/1323221. Asst. Clerk

2

29 U.S.C. § 1132(a)(1)(B).

8.    The Complaint is subject to removal. A state law claim that is preempted by ERISA and that falls within the scope of ERISA's civil enforcement provision is removable to federal court regardless of whether ERISA is expressly raised in the text of the claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). As set forth above, both criteria for removal are satisfied here. Because the Complaint raises the type of claim that is specifically authorized by ERISA, the Complaint plainly is removable.

9.    This Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

10.    The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Essex County, Massachusetts, which lies within this District.

Respectfully submitted,

INOTEK PHARMACEUTICALS
CORPORATION

By its attorneys,

_____
Wilfred J. Benoit, Jr. (BBO #126320)
Christopher B. Kaczmarek (BBO #647085)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Tel:  (617) 570-1000

Dated:    February 24, 2005

A true copy
Attest: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2005, a true and correct copy of the

*Notice of Removal* was served by hand upon the following:

> Robert O. Berger, Esq.
> 11 Beacon Street
> Suite 1210
> Boston, Massachusetts  02108

_____
Christopher B. Kaczmarek

A true copy
Attest:

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION No. 2004-02199-B

```
                                    )
YUDIF GLIK, ADMINISTRATOR           )
OF ESTATE OF MICHAEL GLICK,         )
             Plaintiff              )
                                    )
v.                                  )
                                    )
INOTEK CORPORATION,                 )
             Defendant              )
                                    )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

**Parties**

1. The plaintiff, Yudif Glik, 76 Gardner Street, Lynn, MA is the administrator of the Estate of Michael Glik.

2. The defendant, Inotek Corporation, is a duly incorporated Massachusetts corporation with its principal place of business in 100 Cummings Center, Beverly, Massachusetts.

**Count One-Breach of Handbook Rights**

3. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 3 as though fully set forth here.

4. The plaintiff was not an at will employee. He could only be terminated for cause. Handbook Policy No. E9, 2.2.

5. Mr. Glik was entitled to long-term disability benefits under the employer's handbook under the group plan and it is the responsibility of the defendant to administer enrollment. Id. B.5, 2.0.

*A true copy*
*Attest!*

6. The defendant failed to provide such coverage and wrongfully terminated him without cause.

7. The plaintiff's estate is entitled to consequential damages, emotional distress damages, interest and costs.

**Count Two-Breach of the Implied Covenant of Fair Dealing.**

8. The plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8 as though fully set forth herein.

9. The plaintiff had an employment contract with the defendant, Inotec Corporation.

10. The plaintiff performed his employment obligations until he was terminated in December 2000, and defendant made it impossible for him to receive LTD benefits while he was dying of cancer.

11. Inotec breached the implied covenant of good faith which inures to the benefit of the employee and the employer in all employment contracts when Inotec terminated the plaintiff and then made it impossible for him to receive his LTD benefits.

12. As a proximate result of such breach, the plaintiff seeks consequential damages.

**Count Three-Breach of Contract**

13. The plaintiff realleges paragraphs 1-13 of the complaint.

14. Michael Glik was employed by the Defendant.

15. In January 2002, defendant's Long-Term insurance carrier stopped the process of establishing Mr. Glik's Long Term Disability benefits because the carrier was not notified of his employment status and not forwarded his medical forms even though he had filled out the application form for benefits and filed it with defendant long before that time.

16. The provision of such benefits was a term or condition of his employment.

A true copy
Attest. J. Doyle
Asst Clerk

2

17. As a result of the breach of contract, Mr. Glik' s estate is entitled to consequential damages, emotional distress damages, and interest, costs and attorney fees.

WHEREFORE, the plaintiff demands entry of judgment for his damages against defendant, interest, costs and attorney fees.

THE PLAINTIFF DEMANDS A JURY TRIAL OF THE CASE.

Robert O. Berger (BBO No. 038900)
Attorney for Plaintiff
11 Beacon Street, Suite 1210
Boston, MA  02108
(617) 423 – 7575

A true copy
attest: Doyle
Asst Clerk

3

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-02199-B

Yudif Glik, Administrator

............................................................................................................. , Plaintiff(s)

v.

Inotek Corporation

............................................................................................................. , Defendant(s)

## SUMMONS

To the above named Defendant: Inotek Corporation, 100 Cummings Center, Beverly, MA

You are hereby summoned and required to serve upon Robert O. Berger, Esq. ,

plaintiff's attorney, whose address is 11 Beacon Street, Suite 1210, Boston , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of , in the year of our Lord two thousand

RECEIVED
FEB - 2 2005
By

Thomas H. Driscoll Jr.
*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy
Attest: J Doyle
Asst Clerk

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2004-02199-B

RE:  **Glik Administrator of State of Michael Glik v Inotek Corporation**

TO: Robert O Berger III, Esquire
   11 Beacon Street
   Suite 1210
   Boston, MA 02108

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 05/06/2005 |
| All discovery requests and depositions completed | 10/03/2005 |
| All motions under MRCP 56 served and heard | 11/02/2005 |
| Final pre-trial conference held and firm trial date set | 12/02/2005 |
| Case disposed | 01/31/2006 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 1 (Newburyport) at Essex Superior Court.

Dated: 12/28/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: JoDee Doyle - Sheila Gaudette
Assistant Clerk

Location: CtRm 1 (Newburyport)
Telephone: (978) 462-4474

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdxtrad_2.wpd 513307 inidoc01 vernevad

A true copy
Attest: *[signature]*
*Asst Clerk*

GOODWIN | PROCTER

Christopher B. Kaczmarek
617.570.1373
ckaczmarek@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

February 24, 2005

**By Hand**

Civil Clerk's Office
Essex Superior Court Department
Superior Court House
34 Federal Street
Salem, MA 01970

Re:    **Yudif Glik, Administrator v. Inotek Corporation**
       **Civil Action No. 2004-02199-B**

Dear Sir or Madam:

I enclose, for filing and docketing in the above-referenced matter, the Notice of Filing of Notice of Removal of defendant Inotek Pharmaceuticals Corporation.

Please acknowledge receipt of the Notice of Filing of Notice of Removal by date-stamping the enclosed copy and returning it to the waiting messenger. Thank you for your assistance.

Very truly yours,

Christopher B. Kaczmarek

Enclosures

cc:    Robert O. Berger, Esq.
       Wilfred J. Benoit, Jr., Esq.

*A true copy*
*Attest:* J. Doyle
*Asst Clerk*

LIBB/1324234.1

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-02199-B**

RE:    **Glik Administrator of State of Michael Glik v Inotek Corporation**

TO:Robert O Berger III, Esquire
101 Merrimac Street
Suite 220
Boston, MA 02114

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/06/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/06/2005 |
| All motions under MRCP 15 filed | 05/06/2005 |
| All discovery requests and depositions completed | 10/03/2005 |
| All motions under MRCP 56 served and heard | 11/02/2005 |
| Final pre-trial conference held and firm trial date set | 12/02/2005 |
| Case disposed | 01/31/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (Newburyport) at Essex Superior Court.**

Dated: 12/07/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: JoDee Doyle - Sheila Gaudette
Assistant Clerk

Location: CtRm 1 (Newburyport)
Telephone: (978) 462-4474

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://**ma-trialcourts.org/tcic**

cvdtracf_2.wpd 513807 inidoc01 exarhose

A true copy
Attest: JDoyle Asst Clerk