UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10360-GAO

|  |  |
|---|---|
| YUDIF GLIK,<br>　　　Plaintiff individually and<br>　　　As Admin. Of Estate of<br>　　　Michael Glik<br><br>v.<br><br>INOTEK PHARMACEUTICALS<br>CORPORATION,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

This is the first motion to amend the complaint. Under Fed. R. Civ. P. 15, the Court is to

permit amendments freely. In this case, the amendments conform to the evidence. Even more,

the amendment responds to the defendant's motion to remove by adding a federal pension, health

and welfare claim.

The plaintiff, Yudif Glik, 76 Gardner Street, Lynn, MA is the administrator of the Estate of

Michael Glik, M.D. and she sues individually. Michael Glick was a medical doctor in the former

Soviet Union; he worked for the defendant as a research scientist for $39,000.00 a year. The

defendant, Inotek Corporation, is a duly incorporated major pharmaceutical corporation, with a

principal place of business in 100 Cummings Center, Beverly, Massachusetts; and the

corporation is the fiduciary for its pension, health and welfare plans for its employees. The

defendant removed the case to federal court from Essex Superior Court, alleging that the case

involves federal law, particularly the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA").

## Count I- Common Law Breach of Handbook Rights Contract Claim

The handbook of the employer in effect at the time of the plaintiff's employment is an enforcible contract. The plaintiff was not an at will employee. He could only be terminated for cause. See Handbook Policy No. E9, 2.2. He was not terminated for cause. As a result thereof, the defendant owes the plaintiff approximately $50,000.00 for 14 months he was ill but unpaid during 2001 and 2002. Mr. Glik was entitled to long-term disability (LTD) benefits under the employer's handbook under the group plan; and it is the responsibility of the defendant to administer enrollment in the LTD plan. See Handbook Policy No 13.5, 2.0.The defendant failed to administer the LTD program; he would have received $22,000.00 under the LTD policy with the insurer UNUM if the LTD program were in effect. When the plaintiff applied for LTD benefits, the insurer indicated that there was no policy in force for him . The amendment adds that the plaintiff and the estate are entitled to emotional distress damages of $400,000.00 under the provisions of Massachusetts contract law. See, e.g. *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 159 (1995).

## Count II-Breach of the Implied Covenant of Fair Dealing.

1.  The plaintiff had an employment contract with the defendant.The plaintiff performed his employment obligations and defendant made it impossible for him to receive LTD benefits while he was dying of cancer in 2001-2002. Inotek, thus, breached the implied covenant of good faith which inures to the benefit of the employee and the employer in all employment

contracts when Inotek terminated the plaintiff and then made it impossible for him to receive his LTD benefits. The amendment adds that plaintiff and the estate are entitled to emotional distress damages of $400,000.00 under Massachusetts contract law.See, e.g. *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 159 (1995).

## Count Three-Breach of Contract

In January 2002, defendant's Long-Term insurance carrier stopped the process of establishing Mr. Glik's Long Term Disability benefits because the carrier was not notified of his employment status and not forwarded his medical forms even though he had filled out the application form for benefits and filed it with defendant long before that time. The provision of such benefits was a term or condition of his employment. As a result of the breach of contract, plaintiffs estate is entitled to consequential damages, emotional distress damages, and interest, costs and attorney fees. The plaintiff is entitled to emotional distress damages of $400,000.00, according to the amended complaint.

## Count Four-VIOLATION OF ERISA

The amendment reflects the following. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Section 1132 (a)(13)(ii), (d)(1) and (f) and Section 301 et sue., of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C., Section 185 et sue., to compel Defendant to pay an arrearage to the plaintiff, according to the motion for removal of Defendant.Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 4(a) of ERISA, 29 U.S.C. Section 1002(5). (11) and (12), and Section 2(2), (6) and (7) of the Act, 29 U.S.C. Section 152 (2), (6) and (7), for all times pertinent to this action. The agreement

governing contributions for employers like Defendant who employed plaintiff provided, <u>inter alia</u>, that Defendant would secure health and welfare benefits to an employee like plaintiff subject to the agreements. Defendant failed to make their contributions due and secure coverage for health and welfare benefits in the sum of $ 23,000.00. The plaintiffs pray that this court find judgment against Defendant as follows: That the said Defendant be ordered to pay to the Plaintiffs the delinquent contributions due plus prejudgment interest in the amount of ten percent (10%) per annum from the date when each month's payment was due, pursuant to 239 U.S.C. Section 1132 (g)(1) et seq.; That said Defendant be ordered to submit to an audit and pay the cost of any audit which may be necessary to resolve any discrepancy or discrepancies which may arise in the amount due; The said Defendant be ordered to pay the plaintiffs their costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132 (g) (1) et seq.

Robert O. Berger (BBO No. 038900)
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423 -7575 Tel
(617) 275-8000 Fax
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 11/2/05