UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10360-GAO

| | |
|---|---|
| YUDIF GLIK,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| INOTEK PHARMACEUTICALS<br>CORPORATION,<br>    Defendant. | )<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO COMPEL THE PRODUCTIO OF THE FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

**A. Brief Description of Claim:**

The plaintiff, Yudif Glik, 76 Gardner Street, Lynn, MA is the administrator of the Estate of Michael Glik, M.D. and she sues individually. Michael Glick was a medical doctor in the former Soviet Union; he worked for the defendant as a research scientist for $39,000.00 a year. The defendant, Inotek Corporation, is a duly incorporated major pharmaceutical corporation, with a principal place of business in 100 Cummings Center, Beverly, Massachusetts; and the corporation is the fiduciary for its pension, health and welfare plans for its employees. The defendant removed the case to federal court from Essex Superior Court, alleging that the case involves federal law, particularly the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"). The handbook of the employer in effect at the time of the plaintiff's employment is an enforceable contract. The plaintiff was not an at will employee. He could only be terminated for cause. See Handbook Policy No. E9, 2.2. He was not terminated for cause.

As a result thereof, the defendant owes the plaintiff approximately $50,000.00 for 14 months he was ill but unpaid during 2001 and 2002.Mr. Glik was entitled to long-term disability (LTD) benefits under the employer's handbook under the group plan; and it is the responsibility of the defendant to administer enrollment in the LTD plan. See Handbook Policy No 13.5, 2.0. The defendant failed to administer the LTD program; the plaintiff would have received $22,000.00 under the LTD policy with the insurer UNUM if the LTD program were in effect. When the plaintiff applied for LTD benefits, the insurer indicated that there was no policy in force for him. The plaintiff and the estate are entitled to emotional distress damages of $400,000.00 under the provisions of Massachusetts contract law. See, e.g. *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 159 (1995).

      The plaintiff had an employment contract with the defendant. The plaintiff performed his employment obligations and defendant made it impossible for him to receive LTD benefits while he was dying of cancer in 2001-2002. Inotek, thus, breached the implied covenant of good faith which inures to the benefit of the employee and the employer in all employment contracts when Inotek terminated the plaintiff and then made it impossible for him to receive his LTD benefits. See, e.g. *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 159 (1995). The plaintiff and the estate are entitled to emotional distress damages of $400,000.00 under Massachusetts contract law.

In January 2002, defendant's Long-Term insurance carrier stopped the process of establishing Mr. Glik's Long Term Disability benefits because the carrier was not notified of his employment status and not forwarded his medical forms even though he had filled out the application form for benefits and filed it with defendant long before that time. The

provision of such benefits was a term or condition of his employment. As a result of the breach of contract, plaintiff's estate is entitled to consequential damages, emotional distress damages, and interest, costs and attorney fees. The plaintiff is entitled to emotional distress damages of $400,000.00. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Section 1132 (a) (13) (ii), (d) (1) and (f) and Section 301 et sue., of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C., Section 185 et sue., to compel Defendant to pay an arrearage to the plaintiff, according to the motion for removal of Defendant. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 4(a) of ERISA, 29 U.S.C. Section 1002(5). (11) and (12), and Section 2(2), (6) and (7) of the Act, 29 U.S.C. Section 152 (2), (6) and (7), for all times pertinent to this action. The agreement governing contributions for employers like Defendant who employed plaintiff provided, <u>inter alia</u>, that Defendant would secure health and welfare benefits to an employee like plaintiff subject to the agreements.  Defendant failed to make their contributions due and secure coverage for health and welfare benefits in the sum of $ 23,000.00.

**B.  Request for pertinent documents to claim:**

The plaintiff requested the production of the following documents:

1. The personnel file of Michael Glik;
2. All employee handbooks from 2000 to the present for defendant's employees;
3. All agreements with UNUM insurance from 2000 to 2005 in regard to disability benefits;

4. All correspondence regarding Michael Glik: to him and to Unum and for 2000 to 2005, Defendant's Health and Welfare Plan; Pension Plan;

5. Written policies regarding same.

The defendant objected to the production of documents for the reasons set forth in the letter annexed hereto as Exhibit A. Obviously, the defendant's objections are unfounded: the initial disclosures are not to be filed until 14 days after the pre-trial conference. Fed. R. Civ. P. 26 (a). There has been no pre-trial conference in this case so the request is not "null and void" in the parlance of Goodwin Procter. As a matter of law, the objection is baseless.

With the requested documents, the plaintiff will be able to file a dispositive motion and win her case.

WHEREFORE, the plaintiff requests an order to compel the production of documents and costs and fees for 1.3 hours to produce this wholly unnecessary pleading, as defendant well-knows.

                                    Respectfully submitted,

Date: November 23, 2005             /s/ Robert O. Berger
                                    Robert O. Berger (BBO #: 038900)
                                    11 Beacon Street, Suite 1210
                                    Boston, MA 02108
                                    (617) 423-7575 Tel
                                    Attorney for Plaintiff

## Certificate of Service

I hereby certify that I served the above document to defendant's attorney by electronic transmission and first class mail.

Date: November 23, 2005             /s/ Robert O. Berger

# Exhibit 1

Case 1:05-cv-10360-GAO   Document 18-2   Filed 11/23/2005   Page 1 of 2

GOODWIN PROCTER

Wilfred J. Benoit Jr.
617.570.1155
wbenoit@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 18, 2005

Robert O. Berger, Esq.
11 Beacon Street
Suite 1210
Boston, MA 02108

Re:  **Yudif Glik, Administrator v. Inotek Corporation**
     **Civil Action No. 05-10360-GAO**

Dear Mr. Berger:

Earlier this week I received Plaintiff's First Request for the Production of Documents in the above-referenced matter. Initially, I note that many of the documents Plaintiff has requested (*e.g.*, Mr. Glik's personnel file) already have been produced by Inotek in its initial discovery disclosures pursuant to Rule 26(a)(1). Further, although Inotek served its initial discovery disclosures on Plaintiff on July 29, 2005, Plaintiff has not yet served its initial disclosures on Inotek. In light of Plaintiff's failure to comply with Rule 26(a)(1), she may not initiate discovery. Accordingly, the document requests which you served are null and void.

I look forward to receiving Plaintiff's initial disclosures in the near future.

Very truly yours,

Wilfred J. Benoit, Jr.

WJB:ca

LIBB/1385995.1