UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YUDIF GLIK, ADMINISTRATOR,

          Plaintiff,

v.

INOTEK CORPORATION,

          Defendant.

Civil Action No.  05-10360-GAO

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT INOTEK PHARMACEUTICALS CORPORATION

For its answers and affirmative defenses to the Amended Complaint and Demand for Jury Trial (the "Complaint") of Yudif Glik, Administrator (the "Plaintiff"), defendant Inotek Pharmaceuticals Corporation ("Inotek") states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Inotek may have to seek relief by appropriate motions directed to the allegations of the Complaint.  Inotek answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

### "PARTIES"

1.      Inotek admits that Plaintiff purports to be the administrator of the Estate of Michael Glik and Plaintiff purports to "sue individually."  Inotek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 1 of the Complaint.  Inotek denies that it paid Michael Glik ("Mr. Glik") $39,000 per year.  By way of further answer, Inotek states that Mr. Glik's annual salary was

$37,000 per year.  Inotek admits that Mr. Glik worked for Inotek as a research scientist.  Inotek is without knowledge sufficient to form a belief as to whether Mr. Glik was a medical doctor in the former Soviet Union.

    2.    Inotek denies that its name is "Inotek Corporation."  Inotek denies that it is a "major" pharmaceutical corporation.  Inotek admits that its principal place of business is 100 Cummings Center, Beverly, Massachusetts.  Further answering, Inotek states that in or about 2002 "Inotek Corporation" changed its name to "Inotek Pharmaceuticals Corporation."  Plaintiff's allegation that Inotek "is the fiduciary of its pension, health and welfare plans for its employees" does not set forth any factual allegation and, therefore, no answer is required.

    3.    Inotek admits the allegations contained in paragraph 3 of the Complaint.

## "COUNT ONE – COMMON LAW BREACH OF HANDBOOK RIGHTS CONTRACT CLAIM"

    4.    Inotek incorporates its responses to paragraphs 1-3 of the Complaint.

    5.    Inotek denies the allegations contained in paragraph 5 of the Complaint.

    6.    Inotek denies the allegations contained in paragraph 6 of the Complaint.

    7.    Inotek admits that it was involved in the administration of the application/enrollment process for disability insurance policies on the following basis: (1) Inotek offered employees the opportunity to apply for individually underwritten disability insurance policies at a group corporate discount; (2) Inotek provided interested employees with application forms regarding such disability insurance policies; (3) employees who wished to apply for such a policy provided Inotek with completed application forms which Inotek then forwarded to an insurance broker; (4) to receive a disability insurance policy, the employee's application had to be approved by the insurance company on an individual basis; and (5) if the insurance company approved an employee's application for a disability insurance policy, Inotek

paid the premiums on such policy.  Inotek denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Inotek admits that Mr. Glik did not receive a disability insurance policy.  Inotek denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Inotek denies that Plaintiff applied for LTD benefits.  Inotek is without knowledge or information sufficient to form a belief as to the allegations of purported communications between Plaintiff and/or Mr. Glik and the insurer.  By way of further answer, Inotek states that Mr. Glik, not Plaintiff, applied for individually underwritten disability insurance.

10. The allegations contained in Paragraph 10 of the Complaint set forth claims for relief to which no response is required.  To the extent that Paragraph 10 sets forth allegations to which a response is required, Inotek denies the allegations contained in paragraph 10 of the Complaint and denies that Plaintiff or the estate of Mr. Glik are entitled to an award of damages or any other form of relief.

## "COUNT TWO – BREACH OF THE IMPLIED COVENANT OF FAIR DEALING"

11. Inotek incorporates its responses to paragraphs 1-10 of the Complaint.

12. Inotek denies the allegations contained in paragraph 12 of the Complaint.  Further answering, Inotek states that Mr. Glik worked for Inotek as an at-will employee.  Plaintiff was never employed by Inotek.

13. Inotek denies the allegations contained in paragraph 13 of the Complaint.

14. Inotek denies the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint set forth claims for relief to which no response is required.  To the extent that Paragraph 15 sets forth allegations to

which a response is required, Inotek denies the allegations contained in paragraph 15 of the Complaint and denies that Plaintiff or the estate of Mr. Glik are entitled to an award of damages or any other form of relief.

### "COUNT THREE – BREACH OF CONTRACT"

16.     Inotek incorporates its responses to paragraphs 1-15 of the Complaint.

17.     Inotek admits that the insurance carrier did not issue a disability insurance policy to Mr. Glik.  Inotek admits that Mr. Glik provided Inotek with an insurance application in or about October 2000.  Inotek denies the remaining allegations contained in paragraph 17 of the Complaint.  Further answering, Inotek states that Mr. Glik's application was incomplete and omitted material information.

18.     Inotek denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint set forth claims for relief to which no response is required.  To the extent that Paragraph 19 sets forth allegations to which a response is required, Inotek denies the allegations contained in paragraph 19 of the Complaint and denies that Plaintiff or the estate of Mr. Glik are entitled to an award of damages or any other form of relief.

### "COUNT FOUR – VIOLATION OF ERISA"

20.     Inotek admits that Plaintiff purports to bring an action under the Employee Retirement Income Security Act and the Labor Management Relations Act to compel Inotek to pay certain monies to Plaintiff.  Inotek denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Paragraph 21 does not set forth any factual allegations, and therefore no answer is required.

22.     Inotek denies the allegations in paragraph 22 of the Complaint.

23.     Inotek denies the allegations in paragraph 23 of the Complaint.

Inotek denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Counts I, II and III of the Complaint are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

## FOURTH DEFENSE

To the extent that Plaintiff or Mr. Glik failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Inotek must be barred.

## FIFTH DEFENSE

Inotek is not a proper party Defendant.

## SIXTH DEFENSE

Plaintiff's breach of contract claim fails due to a failure of consideration.

## SEVENTH DEFENSE

Plaintiff's claims are barred because of Mr. Glik's negligent or willful failure to properly complete an application for a disability insurance policy.

**EIGHTH DEFENSE**

Inotek hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this answer and assert such defenses.

Respectfully submitted,

INOTEK PHARMACEUTICALS CORPORATION

By its attorneys,

/s/ Anne M. Gaeta
_____
Wilfred J. Benoit, Jr. (BBO #126320)
Anne M. Gaeta (BBO #643299)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA   02109
Tel:  (617) 570-1000

Dated:   January 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17, 2006.

/s/ Anne M. Gaeta
_____
Anne M. Gaeta