UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUDIF GLIK, ADMINISTRATOR,<br><br>                 Plaintiff,<br><br>v.<br><br>INOTEK PHARMACEUTICALS CORPORATION,<br><br>                 Defendant. | Civil Action No.  05-10360-GAO |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE OBJECTIONABLE PORTIONS OF THE AFFIDAVIT OF YUDIF GLIK

On August 30, 2006, Defendant Inotek Pharmaceuticals Corporation filed its motion for summary judgment and supporting documents.  *See* Doc Nos. 26-28.  On September 28, 2006, Plaintiff, Yudif Glik, Administrator filed her opposition papers, including an affidavit executed by her, which made various assertions.

Plaintiff's affidavit fails to comply with Fed. R. Civ. P. 56(e), which requires a showing that the affiant is competent to testify; that the affidavit be based upon the affiant's personal knowledge; and that it set forth admissible testimony.

**Paragraph 10** of Plaintiff's affidavit asserts that:

> Inotek has a handbook for employment and benefits.  Inotek established a long-term disability plan for all of its employees.  Policy No. B5 Appendix 1, Ex. 12, Attachment B.  Its Human Resources Dept. administered the plan.  Id. at 2.1.  All full-time employees (like Dr. Michael Glik) are eligible for long-term disability (LTD) benefits.  Id. at 2.2.  LTD benefits are paid by defendant.  Id. at 2.4.

Plaintiff lacks any foundation for her statements regarding the administration of the plan, eligibility under the plan, and who pays benefits under the plan.  Indeed, her bald assertion that

"LTD benefits are paid by defendant" is completely contrary to the record in this case. Plaintiff purports to testify about Inotek's employment and benefits policies when she was never employed by Inotek in any capacity, let alone as a human resources employee. *See* Doc. 29, Pl's Response to Def's SUMF, ¶ 10. As such, Plaintiff lacks any competence or personal knowledge to testify about Inotek's employment and benefits policies. *See Visser v. Packer Eng'g Assocs.*, 924 F.2d 655, 659 (7th Cir. 1991) (affidavits in opposition to summary judgment must not be flights of fancy, speculations, hunches or intuitions.); *Scott v. Sulzer Carbomedics*, 141 F. Supp.2d 154, 179-180 (D. Mass 2001) (determining that "factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment") (internal quotation omitted); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are not substitute for specific facts showing genuine issue of material fact). In addition, Paragraph 10 makes reference to written policies of Inotek, but fails to attach those policies to the her affidavit. Copies of all documents referenced or described in Glik's affidavit must have been attached to it as exhibits. *See* Fed. R. Civ. P. 56(e); *see also Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994). Plaintiff's description of those policies cannot be accepted for this additional reason.

In **Paragraph 11,** Plaintiff also purports to make representations concerning matters about which she lacks personal knowledge. That paragraph states:

> Not until December 15, 2000 did defendant send his application for coverage to the Unum Life Insurance Company of America and the application form was accurate to the best of his knowledge when he completed it.

Since Plaintiff was not an employee of Inotek and has made no representation that she was working for UNUM in December, 2000, she lacks the personal knowledge to make representations regarding the process of submitting Glik's application to the insurer. *See TIG*

2

*Ins. Co.*, *supra*; *Scott, supra*; *Visser*, *supra*. Further, the affidavit fails to set forth any basis for Plaintiff's representations as to Glik's state of mind regarding the accuracy of his application.

Plaintiff's representation in **Paragraph 14** states:

> "This caused him great stress because he always was a breadwinner."

The affidavit fails to set forth any basis for this representation as to Glik's state of mind. Accordingly, it should be stricken.

**Paragraph 16** states:

> . . . Inotek denied [Glik] his employee handbook rights. See Policy No. B5 (3.0) and E9 2.2.2.

This statement is conclusory and unsupported by any specific facts in the record. *See Scott*; *Albiero*, *supra*. Further, Plaintiff fails to attach the referenced documents. For these reasons, **Paragraph 16** should be stricken.

In **Paragraph 18**, Plaintiff states:

> The company and its law firm, Testa, Hurwitz and Thibeault could not find a way to help us, although the law firm acknowledged the delay in the processing of the LTD application.

The first clause in this sentence makes representations about Inotek and its counsel without any basis in personal knowledge and without any reference to specific facts. As such, it should be stricken from Plaintiff's affidavit. *See TIG Ins. Co.*, *supra*; *Scott, supra*; *Visser*, *supra*. The second clause, a characterization of the letter from Inotek's former counsel, not only is an inadmissible opinion, but it also misstates the actual content of the letter. *See* Defendant's Reply Brief in Support of Motion for Summary Judgment, at p. 5. The document speaks for itself.

In **Paragraph 19**, Plaintiff states:

> The law firm conceded that "the actual processing of Mr. Glik's application may have taken more time if it had been submitted during a time of year when business operations are less impacted

3

> by holidays and employee vacations. See Law Firm Letter, p. 2
> annexed hereto.

Again, Plaintiff's characterization of the letter is an inadmissible opinion, and misstates the content of the letter. *See* Defendant's Reply Brief in Support of Motion for Summary Judgment, at p. 5. The document speaks for itself.

In **Paragraph 20** of her affidavit, Plaintiff states:

> It is perhaps self-evident but must be pointed out that for a proud man like my husband this shabby and unlawful treatment of him was devastating to his mental health as he became depressed by the stubborn denial of the situation while he got sicker from sigmoid cancer.

These conclusory statements about matters beyond her personal knowledge, *i.e.*, Michael Glik's ("Glik") state of mind, should be stricken. Plaintiff's representations are grounded on speculation, intuition, emotions, and belief and as such provide an inadequate basis for declarations in an affidavit. *See Automatic Radio Mfg. v. Hazeltine Res., Inc.*, 339 U.S. 827, 831 (1950) overruled on other grounds, *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) (an affidavit based on "information and belief" is inadequate); *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991); *Visser*, *supra*. Moreover, given the lack of any specific details, Plaintiff's representations can only be considered inadequate conclusory statements. *See Scott*, *supra* (D. Mass 2001) ("Summary judgment befits claims, such as these, that are premised exclusively on uncorroborated secondhand accounts"); *TIG Ins. Co.*, *supra*; *Albiero v. Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) (holding the non-movants "conclusory statements unsupported by the evidence of record, are insufficient to avoid summary judgment" and do not satisfy Fed. R. Civ. P. 56(e)).

For theses reasons and those in Inotek's Motion to Strike, this Court should strike **Paragraphs 10, 11, 14, 16, 18, 19 and 20** of Yudif Glik's Affidavit.

>Respectfully submitted,
>
>INOTEK PHARMACEUTICALS
>CORPORATION
>
>By its attorneys,
>
>/s/ Wilfred J. Benoit, Jr.
>Wilfred J. Benoit, Jr. (BBO No. 037900)
>Anne M. Gaeta (BBO No. 643299)
>Goodwin Procter LLP
>Exchange Place
>Boston, MA 02109-2881
>(617) 570-1000

Dated:  October 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 13, 2006.

>/s/ Wilfred J. Benoit, Jr.
>Wilfred J. Benoit, Jr.

5