UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10360-GAO

| | |
|---|---|
| YUDIF GLIK,<br>　　　Plaintiff,<br><br>v.<br><br>INOTEK PHARMACEUTICALS<br>CORPORATION,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO MOTION TO STRIKE AFFIDAVIT OF YUDIF GLIK

The plaintiff opposes the motion to strike various paragraphs of her affidavit. The plaintiff provides the content of the affidavit and the portions objected to by defendant.

Defendant does not rely on the Federal Rules of Evidence in the motion that clearly permit the introduction of first hand information and declarations of a decedent. See also Fed. R. Civ. P. 56 (c).

Defendant neglects to mention that Yudif Glik relied on either her own knowledge or on the good faith representations of her deceased husband to affirm the contents of documents and statements. She states this at the beginning of her affidavit.

The motion should be denied.

## THE AFFIDAVIT AND THE OBJECTIONS

1.  My husband, Michael Glik, M.D., was a cardiologist since 1974 in the former Soviet Union.

2.  His inventions resulted in numerous patents in the Soviet Union. He also had a Ph.D. in clinical pharmacology.

3.  We immigrated to the United States in 1993 with our two sons, one of whom is studying to be an attorney in Boston, Massachusetts.

4.  If we left earlier, he would have to pay the government a great deal of money because for Soviet Jews the customs officers demand the cash equivalent of an American education for the "free" Soviet education.

5.  My husband worked for the Inotek Corporation (Inotek). He was thrilled to get a research job after working for seven years as a security guard.

6.  He was employed as a research scientist, doing cardiac work with animals.

7.  Although his heart research was on the cutting edge, Inotek paid him only $37,000.00 a year (roughly 20% of his peers.) But in reality he was excited to have a research job.

8.  Much to my husband's and my dismay, his application for LTD benefits fell through the cracks.

9.  The way it happened is this. On September 22, 2000, Dr. Glik was hired full-time.

*The defendant objects to the following statement. This is the declaration of a deceased person which is made in good faith and on personal knowledge and therefore is admissible. See Federal Rule of Evidence 804(4) and General Laws Chapter 233, § 65.*

10. Inotek has a handbook for employment and benefits. Inotek established a long-term disability plan for all of its employees. Policy No. B5. Appendix 1, Ex. 12, Attachment B. Its Human Resources Dept. administered the plan. Id., at 2.1. All full-time employees (like Dr. Michael Glik) are eligible for long term disability (LTD) benefits. Id. 2.2. LTD benefits are paid by defendant. Id. 2.4.

*The defendant objects to the following statement. This is the declaration of a deceased person which is made in good faith and on personal knowledge and therefore is admissible. See Fed. R. Evid. 804 (a) (4) and GL 233, section 65. In addition, the handbook has been offered by the defendant as evidence.*

11.   Not until December 15, 2000 did defendant send his application for coverage to the Unum Life Insurance Company of America and the application form was accurate to the best of his knowledge when he completed it.

12.   Unfortunately, in October 2000, he was diagnosed with sigmoid cancer (i.e, intestinal cancer.)

13.   This meant that, being terminally ill, Dr. Glik had no income whatsoever, or health insurance.

*The defendant objects to the following even though it is a witness testifying about the state of mind of a party and clearly is admissible to prove emotional distress claimed in damages. Fed. R. Ev. 402.*

14.   This caused him great stress because he always was a breadwinner here and in the U.S.S.R.

15.    He died 14 months after he was terminated. Id.

16.   In addition, the defendant fired or terminated him as follows. He was sick with sigmoid cancer, and yet Inotek denied him his employee handbook rights. See Policy No. B5 (3.0.) and E9 2.2.2.

17.   My husband and I wrote requesting help frequently before and after his death.

The defendant objects to the following even though the affiant is testifying about the facts of the case based on her personal knowledge.

18.    The company and its law firm, Testa, Hurwitz, and Thibeault could not find a way to help us, although the law firm acknowledged the delay in the processing of the LTD application.

*The defendant objects to the following quote even though the letter has the language and is annexed to the plaintiff's affidavit.*

19.    The law firm conceded that "the actual processing of Mr. Glik's application may have taken more time if it had been submitted during a time of year when business operations are less impacted by holidays and employee vacations." See Law Firm Letter, p.2 annexed hereto.

20.    It is perhaps self-evident but must be pointed out that for a proud man like my husband this shabby and unlawful treatment of him was devastating to his mental health as he became depressed by the stubborn denial of the situation while he got sicker from sigmoid cancer.

*The defendant objects to the following, which is more probative than prejudicial. Rule 403.*

21.    As for me, this kind of a situation was not what we expected when we uprooted ourselves from the Soviet scientific community to start a

new life in the United States because it seems now that the lesson is

that American business can be as cruel and insipid as some

government agency in the U.S.S.R.

/s/

Robert O. Berger (BBO No. 038900)
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423 -7575 Tel
(617) 275-8000 Fax
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was
served upon the attorney of record for each other party
by mail (by hand) on 10/25/06