UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10360-GAO

| | |
|---|---|
| YUDIF GLIK,<br> Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| INOTEK PHARMACEUTICALS<br>CORPORATION,<br> Defendant. | )<br>)<br>)<br>) |

## MOTION TO STRIKE INCOMPLETE HANDBOOK EXHIBIT OF CORPORATE DEFENDANT INOTEK PHARMACEUTICALS CORPORATION

The plaintiff, Yudif Glik, individually and as administrator of the Estate of Michael Glik, M.D., Ph.D, moves to strike the corporate defendant's confusing incomplete exhibit that contains only a portion of the employee handbook for the following reasons. See Fed. R. Ev. P. 403 (exclusion of evidence on basis of *confusion*) and Fed. R. Ev. P. 1001-1004.

The corporate defendant provides to the Court as its purported confusing incomplete handbook only a portion of the document purporting to be the employee handbook. However, the corporate defendant argues that the confusing incomplete handbook is governed by federal law, bars the claim, etc. in its two memoranda in support of the motion for summary judgment.

The Court has no complete handbook document to analyze the issues of ERISA applicability, preemption, state law handbook rights and only an incomplete confusing document. This is as logical as deciding a will contest with only some of the confusing provisions of the will in evidence.

1

The corporate defendant succeeded not only in transferring this case to federal court because it claimed that the case involved a "federal question"; but corporate defendant also convinced the federal court to deny the individual plaintiff's and the estate's motion to order the production of the original, authentic complete employee handbook. Ironically, this ruling causes more trouble for the Court than the plaintiff as it tries to sort out a set of defenses based on incomplete confusing documentation of a handbook. This is exactly what the plaintiff tried to prevent in the motion to compel--but was, of course, rebuffed. How can this case proceed without the original handbook? See Fed. R. Ev. 1002.

But the appellate court demands a level playing field. The appellate court has abandoned the approach of using summary judgment as a convenient docket clearing device for the corporation's law firms. Perhaps the Courts like experienced lawyers have had enough of corporate defendants, with the capacity to defenestrate the powerless litigants with paper, blasting away under the banners of Rule 56 followed by commercial extortion of the threats of Rule 11, while professional flirtation between the bench staff and corporate bar completes the picture. But the game was blown wide open: the First Circuit does not permit, even for a corporate defendant, the Court's resolution of a case, based on only a portion of the record, especially incomplete records. See *Fernandes v. Costa Brothers Masonry, Inc.*, 199 F.3d 572 (1st Cir. 1999) (the Circuit Court vacated the entry of an order awarding summary judgment to the corporate defendants due to district court's failure to *review the whole record* and to apply the inferences correctly in a case that is a clear rebuke of the summary judgment scam.)

The corporate defendant has the burden of proving the absence of material facts in controversy[1] and the corporate defendant's entitlement to judgment as a matter of law based on

---

[1] The defendant will claim that it produced the handbook in the automatic discovery, and the plaintiff should use it. This is not the way the burdens are allocated. The plaintiff is not trusting enough to assume the authenticity of the

the whole record of the case and it certainly has not done so here so let us try as gently as possible to go to trial and get the issues between these people resolved in an environment of cross-examination and not summary judgment absurdities.

/s/ Robert O. Berger

Robert O. Berger (BBO No. 038900)
11 Beacon Street, Suite 1210
Boston, MA 02108
(617) 423 -7575 Tel
(617) 275-8000 Fax
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 11/16/06

Rob O. [signature]

---

discovery document. The defendant did not authenticate the handbook. But substantively the defendant must show that the handbook in effect when Dr. Glik died refers to ERISA, and that the clear language suggesting that he was not an at will employee was not in effect. The corporate defendant is not excluded from the rules of evidence.