AO 133    (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

YUDIF GLIK, ADMINISTRATOR,
          Plaintiff

V.

INOTEK PHARMACEUTICALS CORPORATION,
          Defendant

**BILL OF COSTS**

Case Number: 05-10360-GAO

Judgment having been entered in the above entitled action on September 27, 2007 against Plaintiff,
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk | $ 0 |
| Fees for service of summons and subpoena | $ 133.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ 1,065.90 |
| Fees and disbursements for printing | $ 44.40 |
| Fees for witnesses (itemize on page two) | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | See above |
| Docket fees under 28 U.S.C. 1923 | $ 0 |
| Costs as shown on Mandate of Court of Appeals | $ 0 |
| Compensation of court-appointed experts | $ 0 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | $ 0 |
| Other costs (please itemize) | $ 0 |
| **TOTAL** | **$ 1,243.30** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☒    Electronic service by e-mail as set forth below and/or.
☐    Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _[signature]_

Name of Attorney: Wilfred J. Benoit, Jr.

For: Inotek Pharmaceuticals Corporation      Date: October 9, 2007
      Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

By: _____
Clerk of Court        Deputy Clerk        Date

AO 133    (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
|  | Days | Total Cost | Days | Total Cost | Miles | Total Cost |  |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  |  |  | $0.00 |
|  |  |  |  |  | TOTAL || $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YUDIF GLIK, ADMINISTRATOR,

              Plaintiff,

v.

INOTEK PHARMACEUTICALS
CORPORATION,

              Defendant.

Civil Action No. 05-10360-GAO

## AFFIDAVIT OF WILFRED J. BENOIT, JR. IN SUPPORT OF INOTEK PHARMACEUTICALS CORPORATION'S BILL OF COSTS

I, Wilfred J. Benoit, Jr., hereby declare as follows:

1.     I am one of the attorneys who represented Inotek Pharmaceuticals Corporation ("Inotek") in the above-captioned case.

2.     Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that: "costs . . . shall be allowed as of course to the prevailing party unless the Court otherwise directs." For purposes of Rule 54(d), a "prevailing party" is "a party in whose favor a judgment is entered." *See* District of Massachusetts Procedures for Filing the Bill of Costs at 1.

3.     On September 27, 2007, the Court granted Inotek's Motion for Summary Judgment in its entirety, and entered final judgment for Inotek in this case. Accordingly, Inotek is the "prevailing party" pursuant to Rule 54(d). Inotek now seeks recovery of the costs it incurred in successfully litigating this case.

4.     The amounts which Inotek claims here and to which it is entitled under Rule 54(d) and 28 U.S.C. § 1920 are as follows:

|  |  |
|---|---|
| Fees of the Court Reporter............................... | $1,065.90 |
| Fees for Service of Summons and Subpoenas......... | $133.00 |
| Fees for Printing and Copying........................... | $44.40 |
| **TOTAL**................................. | $1,243.30 |

5.  These categories of costs are discussed individually below. Copies of the invoices are attached, except for the cost of photocopying. Photocopying costs are based on Goodwin Procter LLP's and Williams Lea standard photocopying rate of $.15 per page for black and white photocopies.

6.  The above list of costs is by no means exhaustive of all expenses incurred by Inotek in defending this matter and which are taxable against Plaintiffs under 29 U.S.C. § 1920. Rather, Inotek has claimed only those items to which it is unquestionably entitled under the law and for which expenses could be ascertained with "reasonable certainty."

7.  Pursuant to 28 U.S.C. § 1920, I, or persons under my supervision, have reviewed each item claimed in this Bill of Costs and determined that each such item is correct and has been necessarily incurred in this case.

**Fees of the Court Reporter**

8.  Title 28 U.S.C. § 1920(2) authorizes the Court to tax the costs of deposition transcripts "necessarily" obtained by Inotek for use in this case. Inotek took depositions only of persons whom Inotek reasonably believed would be called as witnesses or provide information intrical to this action. Accordingly, Inotek took the depositions of the Plaintiff, Yudif Glik, and a physician who treated Michael Glik (Plaintiff's husband), Dr. Christopher Doyle. Inotek also incurred charges for transcripts of the depositions noticed by Plaintiff. Plaintiff took the

deposition of UNUM Provident Corporation's corporate representative, Nancy Brenerman. Inotek necessarily obtained a transcript of the deposition of Ms. Brenerman at the time it was taken and claims the costs of this deposition transcript.

9. Court Reporter fees can also be taxed costs. *See* 28 U.S.C. § 1920. Accordingly, Inotek has included these associated costs. Inotek has not included costs for delivery of such transcripts.

10. Pursuant to 28 U.S.C. § 1929(2) and Rule 54(d)(1), Inotek claims $1,065.90 in this case for deposition transcripts and court reporter fees. *See* Exhibit 1 (invoices concerning these fees).

**Fees for Service of Subpoenas**

11. Under 28 U.S.C. § 1920, Inotek may claim as costs for fees for service of summons and subpoenas if it was reasonable for Inotek to believe that documents or testimony were necessary at the time sought.

12. Pursuant to 28 U.S.C. § 1920, Inotek claims $133.00 as the total amount of its fees for services of summons and subpoenas. *See* Exhibit 2 (invoices concerning these fees).

**Fees for Printing and Copying**

13. Under 28 U.S.C. § 1920(3) and (4), Inotek may claim costs for printing and photocopying expenses reasonably necessary for use in this case. Inotek thus claims $44.40 as the cost of photocopying performed in connection with producing discovery documents.

14. Inotek believes that all the copies were reasonable in view of the volume of documents generated by discovery, were relevant for summary judgment and would have been relevant for trial. Over the course of this litigation, copies were made either in-house by

Goodwin Procter LLP, Williams Lea or by outside vendors. During the course of discovery, Inotek produced 296 documents to Plaintiff. Inotek bates labeled all documents produced to Plaintiff. Therefore, Inotek was able to determine the number of documents produced to Plaintiff based on the bates label numbers used for this matter. Each document costs $.15 to copy. Therefore, costs for copying these documents was $44.40. Inotek thus claims $44.40 as its fees for exemplification copies and printing of papers necessarily obtained in this case.

15. Inotek believes that all of these copies were reasonable in view of the volume of documents generated by discovery, were relevant for summary judgment and would have been relevant at trial.

**Total Costs**

16. The total amount of costs claimed by Inotek under Rule 54(d)(1) and 28 U.S.C. § 1920 is $1,243.30. This amount, while substantially less than the total cost of successfully defending this action, represents the costs necessarily incurred by Inotek and taxable against the Plaintiff under controlling law. I, or persons under my supervision, have reviewed the costs requested by Inotek for accuracy and state that they are true and accurate to the best of my knowledge and belief. Accordingly, I respectfully request that the Court award Inotek $1,243.30 as their cost of suit.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

Signed under the penalties of perjury this 9th day of October, 2007.

/s/ Wilfred J. Benoit, Jr.
_____
Wilfred J. Benoit, Jr.

EXHIBIT 1

# Downing & Peters
# Reporting Associates
79 Atlantic Place
South Portland, Maine  04106-2316

**INVOICE**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 22226 | 05/11/2006 | 02-81743 |
| Job Date | Reporter | Case No. |
| 05/02/2006 | COOKCA | |

| Case Caption |
|---|
| Glik vs. Inoteck |

*"Celebrating over 30 Years in business"*

Anne M. Gaeta, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

The Transcription of:
   30(b)(6) UNUMProviddent (Nancy Brenerman)   117 Pages @   3.10/Page        362.70
      EXHIBITS                                                     87 Pages @    .20/Page         17.40
      REPORTER ATTENDANCE                                                     100.00
      Delivery                                                                             5.00

                                                  TOTAL DUE   >>>>         485.10

| Federal Tax ID No. |
|---|
| 01-0321947 |

(617) 570-1000

*Please detach bottom portion and return with payment.*

Anne M. Gaeta, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

Invoice No.:  22226
Date        :  05/11/2006
TOTAL DUE   :     485.10

Job No.  :  02-81743
Case No. :
Glik vs. Inoteck

Remit To:    Downing & Peters Reporting Associates
                 79 Atlantic Place
                 South Portland, ME 04106

**Downing & Peters Reporting Associates**    207-772-6221  800-540-3376

# Downing & Peters
# Reporting Associates

79 Atlantic Place
South Portland, Maine 04106-2316

**INVOICE**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 22377 | 06/15/2006 | 02-81843 |
| **Job Date** | **Reporter** | **Case No.** |
| 06/07/2006 | MARTTA | 05-10360-G |
| **Case Caption** | | |
| Yudif Glik vs. Inoteck Pharmaceuticals Corp. | | |

*"Celebrating over 30 Years in business"*

Wilfred J. Benoit, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

```
The Transcription of:
    Nancy Brenerman - V.2 pgs 118-142      25 Pages @      3.10/Page        77.50
        REPORTER ATTENDANCE                                                 75.00
        Delivery                                                             5.00
                                                                         --------
                                        TOTAL   DUE    >>>>                157.50
```

| Federal Tax ID No. |
|---|
| 01-0321947 |

(617) 570-1000

*Please detach bottom portion and return with payment.*

---

Wilfred J. Benoit, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

```
Invoice No.:  22377
Date       :  06/15/2006
TOTAL DUE  :    157.50


Job No.    :  02-81843
Case No.   :  05-10360-GAO
Yudif Glik vs. Inoteck Pharmaceutica
```

Remit To:   Downing & Peters Reporting Associates
            79 Atlantic Place
            South Portland, ME 04106

**Downing & Peters Reporting Associates    207-772-6221    800-540-3376**

# LEAVITT REPORTING, INC.

1207 COMMERCIAL STREET, REAR  
WEYMOUTH, MA 02189  
PHONE: 781-335-6791  
FAX: 781-335-7911  

INVOICE # 98408

FED ID: 04-3583506

Goodwin Procter, LLP  
Wilfred J. Benoit, Jr., Esq.  
53 State Street  
Exchange Place  
Boston, MA 02109-2881  

benoi  
10  
06/23/2006

| DEPOSITION OF: | Yudif Glick | | TAKEN ON 06/20/2006 |
|---|---|---|---|

RE: Yudif Glick VS Inotek Pharmaceuticals Corp.

| | 82 | PAGES @ $3.15 | $258.30 |
|---|---|---|---|
| | | DELIVERY SERVICE | $8.00 |

| | PAYMENT DUE............ | $266.30 |
|---|---|---|

REMARKS:

*ORIGINAL*

---

LEAVITT REPORTING, INC.  
1207 COMMERCIAL STREET, REAR, WEYMOUTH, MA 02189

Goodwin Procter, LLP  
Wilfred J. Benoit, Jr., Esq.  
53 State Street  
Exchange Place  
Boston, MA 02109-2881  

FED ID. 04-3583506  
INVOICE # 98408  
benoi  
10  
06/23/2006

DEPOSITION OF: Yudif Glick          TAKEN ON 06/20/2006

RE: Yudif Glick VS Inotek Pharmaceuticals Corp.

82    PAGES @ $3.15        $258.30  
      DELIVERY SERVICE     $8.00

PAYMENT DUE..........    $266.30

REMARKS:

To insure proper credit, please detach the "RETURN WITH PAYMENT" portion and return with your remittance.

*RETURN WITH PAYMENT*

# LEAVITT REPORTING, INC.

1207 COMMERCIAL STREET, REAR  
WEYMOUTH, MA 02189  
PHONE: 781-335-6791  
FAX: 781-335-7911

INVOICE # 98412

FED ID: 04-3583506

Goodwin Procter, LLP  
Wilfred J. Benoit, Jr., Esq.  
53 State Street  
Exchange Place  
Boston, MA 02109-2881

benoi  
4  
06/28/2006

---

DEPOSITION OF:     Christopher Doyle                          TAKEN ON 06/15/2006

RE:  Yudif Glick VS Inotek Pharmaceuticals Corp.

| | |
|---|---|
| 20   PAGES @ | $0.00 |
| ATTENDANCE FEE | $175.00 |
| DELIVERY SERVICE | $8.00 |

PAYMENT DUE............     $183.00

REMARKS:

*ORIGINAL*

---

LEAVITT REPORTING, INC.  
1207 COMMERCIAL STREET, REAR, WEYMOUTH, MA 02189

Goodwin Procter, LLP  
Wilfred J. Benoit, Jr., Esq.  
53 State Street  
Exchange Place  
Boston, MA 02109-2881

FED ID. 04-3583506  
INVOICE # 98412  
benoi  
4  
06/28/2006

DEPOSITION OF:     Christopher Doyle                          TAKEN ON 06/15/2006

RE:  Yudif Glick VS Inotek Pharmaceuticals Corp.

| | |
|---|---|
| 20   PAGES @ | $0.00 |
| ATTENDANCE FEE | $175.00 |
| DELIVERY SERVICE | $8.00 |

PAYMENT DUE.........     $183.00

REMARKS:

To insure proper credit, please detach the "RETURN WITH PAYMENT" portion and return with your remittance.

*RETURN WITH PAYMENT*

# EXHIBIT 2

# Lawyers Investigating Service, Inc.
## PO Box 8479, Portland, ME 04104-8479
### 207-775-5685          888-244-5685

April 24, 2006

GOODWIN/PROCTOR
Attn.: Francis Kelleher, Esq.
Exchange Place
Boston, MA 02109

RE: GLIK v INOTEK

Billing Summary

April 21, 2006

Service at Unum/Provident

| | |
|---|---|
| Flat Fee | $ 55.00 |
| Witness fee Check | $ 55.00 |
| Total | ------------- |
| | $ 110.00 |

Please telephone my office with questions or concerns. We endeavor to provide the highest quality of professional services to our clients.

Respectfully,

Alan E. Goodman, LPI

**DHR & ASSOCIATES**
**357 CAMBRIDGE STREET**
**CAMBRIDGE, MA 02141**
(617)868-6733

| | | | |
|---|---|---|---|
| RE: | Yudif Glik, Administrator, et al, Plaintiffs | DATE: | 05/10/06 |
| VS: | Inotek Pharmaceuticals Corp., Defendant | | |
| Docket: | 05-10360-GAO | | |
| | | | |
| TO: | Francis Kelleher, Esquire | INVOICE: | 59236 |
| | Goodwin Procter, LLP | PAGE: | 1 |
| | Exchange Place, 53 State Street | | |
| | Boston, MA 02109-2881 | | |

| DATE | TYPE OF SERVICE | SERVICE FEE | WITNESS FEE | TOTAL |
|---|---|---|---|---|
| 05/10/06 | Served Federal Deposition Subpoena on Dr. Christopher Doyle.....................BOSTON (Same Day Emergency Service) | $ 39.00 | $ 47.00 | $ 86.00 |
| 05/10/06 | Served Federal Deposition Subpoena on Dr. Eugene Vaninov........................BRIGHTON (Same Day Emergency Service) | $ 39.00 | $ 47.00 | $ 86.00 |

*120264*
*155758*

| | | | |
|---|---|---|---|
| TOTAL: | | $ 78.00   $ 94.00   $ 172.00 | |
| AMOUNT NOW DUE | | $ 172.00 | |

PAYMENT DUE UPON RECEIPT. THANK YOU
TAX ID #04-3133518